**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **BRANDON MICHAEL ERICSSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2677-R** |
| | ) | |
| **KOHLS DEPARTMENT STORES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# ORDER

Plaintiff, Mr. Brandon Michael Ericsson, has sued his former employer, Kohls Department Stores. [Doc. No. 1]. But his complaint fails to state a claim. Fed R. Civ. P. 8(a)(2). Invoking its inherent power to manage its docket, the Court dismisses Mr. Ericsson's claim without prejudice. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 307–08 (1989).

The rules of civil procedure require a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) Thus, typically, "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff

believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007). The allegations must, at a minimum, provide "the defendant sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits." *Id.*

Even under a liberal construction,[1] Mr. Ericsson's Complaint misses the mark. He identifies "Kohls Corporation" as the defendant and implies that he once worked for Kohls; he adds that the "Fair Labor Practices Act" grants this Court jurisdiction. Doc. No. 1 at 2–3; *see* 28 U.S.C. § 1331. But Mr. Ericsson doesn't make any further factual allegations that show his entitlement to relief or at the very least "give [Kohls] fair notice of what the claim is and the grounds upon which it rests." *Erikson v. Pardus*, 551 U.S. 89, 93 (2007) (citation modified).

Accordingly, under 28 U.S.C. § 1915(e)(2), the Court DISMISSES Mr. Ericsson's Complaint without prejudice for failure to state a claim. He may file an amended complaint within 14 days of this Order. If he does not, the Court will dismiss this action without further notice.[2]

---

[1] Because Mr. Ericsson is proceeding pro se, the Court liberally construes his pleadings but does not act as his advocate. *Hall*, 935 F.2d at 1110.

[2] The Court notes that Mr. Ericsson hasn't paid the necessary filing fee or moved to proceed in forma pauperis, without the prepayment of fees. W.D. Okla. LCvR3.2. If Mr. Ericsson chooses to refile, he must also either pay the fee or file a motion to proceed in forma pauperis; if he fails to do so, his claim will be dismissed without prejudice. *Id.* at LCvR3.3.

IT IS SO ORDERED this 30th day of September, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE